UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WEST,<br><br>　　　　　Petitioner,<br><br>v.<br><br>MENDOZA-POWERS<br><br>　　　　　Respondent. | NO. CV-S-07-1048-JLQ<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

**BEFORE THE COURT** is Darryl West's pro se Petition for Writ of Habeas Corpus (Ct. Rec. 1), to which the Respondent has Responded in Opposition (Ct. Rec. 13) and Mr. West has Replied by Traverse (Ct. Rec. 18). Mr. West sets forth two grounds in support of his Petition, made pursuant to 28 U.S.C. § 2254. First, that some evidence at his state of California trial was impermissibly admitted, thereby depriving him of his Constitutional right to due process, and second, that his trial counsel's failure to object to the evidence in question constituted a deprivation of his Constitutional right to effective assistance of counsel.

I. Introduction

A. Facts

　　On the morning of December 26, 2003, a person identified as the Petitioner, Darryl F. West ("West"), approached Norma Hernandez ("Hernandez"), the cashier at a Check-Into-Cash store in Manteca, California, and drew a loaded pistol from his jacket. Mr. West demanded money, and Ms. Hernandez gave him $594 in currency before he fled. A video recording device on the premises captured the robbery, from which

ORDER - 1

footage and still photographs were presented to the jury during Mr. West's trial.  After being robbed, Ms. Hernandez called the police and provided them with a physical description of Mr. West.

Mr. West entered a nearby liquor store and purchased $42.77 worth of goods.  A video recording of this transaction, also identifying Mr. West, was shown to the jury during his trial.  Mr. West was spotted by local police officers approximately five blocks from the Check-Into-Cash store that was robbed.  As he matched the description given police by Ms. Hernandez, Mr. West was approached by the officers.  Mr. West broke into a run when approached, and was chased by Officer David Brown ("Brown").  Twice during this chase, Mr. West stopped, reached into his pants, and started to turn towards Officer Brown.  Upon falling to the ground, Mr. West lost the loaded .380 automatic handgun he had been carrying.  When tackled, Mr. West attempted to forcibly remove Officer Brown's pistol from its holster.

When taken into custody, Mr. West was carrying $551.13 in his pocket, and some of the bills were sequentially numbered.  Ms. Hernandez positively identified Mr. West as the man who robbed the Check-Into-Cash store, both in a post arrest in-field show-up and at trial.  At trial, Mr. West denied committing the robbery, suggesting that based on an alleged inheritance he and his wife had received, he had no motive to commit the robbery. Mr. West claimed he ran from the officers who approached him because he was carrying a handgun without a proper permit.  Mr. West's wife, Catrina Squires ("Squires"), testified at trial.  The prosecuting attorney questioned her, over the non-specific objection of defense counsel, regarding her non-reporting of the claimed inheritance to welfare authorities, of which she and Mr. West were recipients.  On January 11, 2005, the jury found Mr. West guilty of armed robbery, and he was sentenced to 13 years in California state prison.

B.  Procedural History

Mr. West appealed his conviction to the California Court of Appeals, Third Appellate Division.  The Court of Appeals issued an opinion affirming his conviction

ORDER - 2

and sentence on January 10, 2007. *See* Ct. Rec. 1, Appendix; Case No. C049056. On January 18, 2007, Mr. West filed a petition for review with the California Supreme Court. The petition was denied on March 21, 2007. *See* Ct. Rec. 1, Appendix; Case No. S149523. Mr. West's Petition for Writ of Habeas Corpus was filed in the United States District Court for the Eastern District of California on May 15, 2007. It is undisputed that Mr. West has exhausted his state remedies, and that his Petition for Writ of Habeas Corpus was timely filed.

## II.  Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Mr. West's Petition is reviewed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as his federal petition was filed in 2007. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)(holding that AEDPA applies to applications filed in the federal courts after April 24, 1996). "We . . . review the state court's determinations through a "highly deferential" lens." *Matylinksy v. Budge,* 577 F.3d 1083, 1090 (9th Cir. 2009).

## III.  Discussion

A.  Ground I - Admission of Allegedly Inadmissible Evidence

At trial, the prosecutor elicited testimony from Mr. West's wife, Ms. Squires, about her failure to report an alleged inheritance to welfare authorities after she claimed that the financial security given them by the inheritance destroyed any motivation Mr. West might have to rob the Check-Into-Cash (*See* Ct. Rec. 1, Appendix, 5-6 for the full text of this exchange). The prosecutor asked Ms. Squires: "Isn't it true the reason you took $500

ORDER - 3

money orders [converted thereto from the inheritance money] was you were trying to defraud the welfare system by not reporting income that you had received while on public assistance?" Ct. Rec. 1, Appendix, 4-5. Mr. West's counsel objected to this question without stating any grounds therefore, and the objection was overruled. Ct. Rec. 1, Appendix, 5. Ms. Squires went to on provide testimony stating her erroneous belief that inheritance money need not be reported to welfare authorities. Mr. West argues that this testimony was unduly prejudicial and irrelevant to the crime charged, and therefore its admission deprived him of due process of law.

The California Court of Appeals ruled that, as a matter of California state evidentiary law, the trial court did not err in failing to exclude the evidence in question, finding that the evidence was relevant to Ms. Squires' character for honesty or veracity. Ct. Rec. 1, Appendix, 9-10. As to this state evidentiary ruling, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "We are not a state supreme court of errors; we do not review questions of state evidence law. On federal habeas we may only consider whether the petitioner's conviction violated constitutional norms." *Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir. 1991). Errors occurring in trials that do not deprive a defendant of his due process rights are not of a Constitutional magnitude. However, "errors which operate to affect the fairness of a jury's consideration of a case may be so egregious as to amount to a denial of a fair trial." *Pike v. Dickson*, 323 F.2d 856, 860 (9th Cir. 1963). "The test to be applied in determining whether errors are so egregious . . . is only where criminal trials in state courts are conducted in such a manner as amounts to a disregard of that fundamental fairness essential to the very concept of justice that due process is offended and that federal court interference is warranted." *Id.*

ORDER - 4

This court cannot review the state court's determination that the evidence in question was admissible, absent a finding of a Constitutional due process violation. *Jammal*, *supra*. No California appellate court has determined that the trial court erred in any manner, and these determinations are accorded a high degree of deference pursuant to *Matylinsky*. Mr. West has further failed to demonstrate that the admission of the testimony in question constituted an error so egregious as to deny him his Constitutional right of due process. The questioning was arguably relevant to the witness' honesty, and Mr. West raised the defense of the inheritance money destroying his motive to commit the crime. Welfare forms filed by the couple indicated that Mr. West and Ms. Squires had few assets, so the defense of inheritance money was contradictory, making testimony on the subject arguably relevant. Even assuming, *arguendo*, that the testimony was irrelevant and the evidentiary ruling erroneous, the court does not find that the error by the trial court was so egregious as to constitute a deprivation of Mr. West's Constitutional due process rights. Mr. West's Petition is **DENIED** as to Ground I.

B.  Ground II - Ineffective Assistance of Counsel

Mr. West alternatively argues that the failure of his defense counsel to object to the admission of the aforementioned testimonial evidence constituted ineffective assistance of counsel.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components: first, defendant must show that counsel's performance was deficient, requiring showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* at 694. A federal habeas court does not review *de novo* a claim of ineffective assistance of counsel arising from state proceedings. "Rather, it is the habeas applicant's burden to show that the state court

ORDER - 5

applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The California Court of Appeals held thusly, when considering Mr. West's claim of ineffective assistance of counsel:

> Finally, even if misconduct occurred, or the evidence was otherwise inadmissible, it could not have affected the outcome. The evidence against defendant was simply overwhelming.
>
> Defendant matched the description of the robber and was found in the vicinity shortly after the robbery. He was walking down the street, constantly looking over his shoulder and then ran when the police approached. Defendant was found in possession of a handgun matching the description of the handgun used in the robbery. He also had $551.13 on his person (with some of the bills sequentially numbered) and $42.77 in groceries, adding up precisely to the $594 stolen during the robbery.
>
> Defendant was positively identified as the robber by the cashier both in the field and at trial. He was caught on videotape committing the robbery and the tape and photographs were shown to the jury. The jury also saw defendant on videotape at the liquor store immediately after the robbery.
>
> In light of this overwhelming evidence of defendant's guilt, it is just not reasonably probable that defendant would have obtained a more favorable verdict had the evidence been excluded.

Ct. Rec. 1, Appendix, 11.

The California Court of Appeals did not apply *Strickland* in an unreasonable manner. Furthermore, this court concurs in the finding that the failure of Mr. West's counsel to specifically object to the testimony in question was not prejudicial, as it would not have affected the outcome of the trial, given the considerable and overwhelming evidence against Mr. West. Mr. West's Petition is **DENIED** as to Ground II.

IV. Conclusions

The court cannot review the propriety of state law evidentiary rulings, absent Constitutional error, and any theoretical error that resulted from the admission of Ms. Squires testimony regarding her inheritance and welfare status was not so egregious as to constitute a deprivation of Mr. West's Constitutional right to due process. The court further finds that the California Court of Appeals did not unreasonably apply *Strickland v. Washington* in evaluating Mr. West's claim of ineffective assistance of counsel, and concurs in its findings regarding lack of prejudice. Accordingly,

ORDER - 6

**IT IS HEREBY ORDERED**:

Mr. West's Petition for Writ of Habeas Corpus (Ct. Rec. 1) is **DENIED**.

The Clerk is hereby directed to enter this Order, enter judgment in accordance herewith, furnish copies to counsel and Mr. West, and close the case file.

**DATED** this 27th day of October, 2009.

                        s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7